**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America, | CR 93-343-PHX-RGS |
| Plaintiff, | **ORDER** |
| vs. | |
| Joel Cretacci, | |
| Defendant. | |

Pending before the Court is Defendant's motion for modification of sentence entitled Communicative Motion (Doc. #648). After considering the arguments raised by the parties in their briefing, the Court now issues the following ruling.

On November 22, 1996, a jury found Defendant guilty of several offenses arising out of his involvement in the robberies of automatic teller machines. (Doc. #437). Prior to sentencing, the probation department prepared a presentence report. The report included a two-point enhancement for obstruction of justice pursuant to U.S.S.G. 3C1.1. (Doc. #620 – Order denying Defendant's motion for Modification of an Imposed Term of Imprisonment at 1-2).

The conduct forming the basis for the enhancement was summarized as follows:

> 12.  At the time of his arrest, Joel Cretacci was living with his girlfriend Michelle Hazell who had become aware of the robberies and Joel Cretacci's use of stolen funds to purchase the automobiles. In correspondence Hazell received from Joel Cretacci on April 25, 1994, she was threatened in an attempt to prevent her from testifying against the defendant.

(Id. at 2).

1  Defendant filed objections to the presentence report (Doc. #468), including an
2  objection to the adjustment for obstruction of justice. Defendant argued:

> The adjustment for obstruction of justice ... is predicated upon evidence suggesting that Cretacci attempted to influence the testimony of Michelle Hazell. (See PSR at paragraph 21). However, Count 10 of the Third Superseding Indictment, which contained a charge of witness tampering under 18 U.S.C. § 1512, was severed prior to trial. No evidence was ever presented of any obstruction by Joel Cretacci.
>
> It appears that the basis for the allegations in Count 10 is an unsigned note allegedly sent by Joel Cretacci from the Madison Jail to Michelle Hazell on April 25, 1994. The government has failed to reveal any evidence that would link this note with Joel Cretacci. Even if it did, the government would have to show that the defendant "consciously acted with a purpose of obstructing justice." United States v. Amato, 46 F.3d 1255 (2d Cir. 1995). Specific findings would be necessary concerning the acts constituting obstruction of justice. See United States v. Dunnigan, 113 S. Ct. 1111 (1993). The type of conduct alleged in this case could not support an obstruction enhancement as there was no specific threat of harm to the victim. See United States v. Hernandez, 83 F.3d 582 (2d Cir. 1996). Therefore, it would be improper to enhance the defendant's sentence under U.S.S.G. § 3.C1.1 for obstruction.

(Doc. #468 at 3-4).

The probation department then prepared an addendum to the presentence report. The addendum to the report noted the following:

> A letter received by defendant's former girlfriend prior to her testimony in trial stated, "Go back to England while you still have a chance. Just do it. Time is running out for you. If you think I'm full of shit stay and see what happens to you." The letter was unsigned but the handwriting was reportedly consistent with Cretacci's and his jail inmate number was on the envelope. The note is clearly threatening and, further, a preponderance of the evidence establishes that it was written by Cretacci with the intent of illegally influencing his girlfriend's testimony.

(Doc. #620 – Order denying Defendant's motion for Modification of an Imposed Term of Imprisonment at 2-3).

At sentencing, the Court overruled Defendant's objection regarding the increase in offense level for obstruction of justice. Defendant was subsequently sentenced to a term of 121 months imprisonment on charges of Conspiracy, Hobbs Act Robbery, and Money Laundering; and to a term of 120 months on charges of Interstate Transportation of Stolen Property and Money Laundering, both terms of imprisonment to run concurrently. In addition, Defendant was sentenced to a term of 60 months on one count of Use and Carrying

- 2 -

a Firearm During and in Relation to a Crime of Violence, to run consecutively to the other charges.

On May 15, 1997, Defendant filed a direct appeal alleging that the Court erred in finding him competent to stand trial, and that the Court abused its discretion in refusing to exclude certain testimony and evidence related to FBI surveillance logs. The Ninth Circuit affirmed Defendant's convictions on July 16, 1998.

Defendant then filed a motion pursuant to 28 U.S.C. § 2255, in which he argued that (1) government witnesses received consideration in exchange for truthful testimony, in violation of federal criminal law and state ethics rules; (2) due to his plea agreement with the government, Blake Cretacci, Defendant's brother, was not available to testify at Defendant's trial that it was Blake and not Defendant who possessed a gun during the robbery; (3) there are unfair disparities in the restitution ordered by the Court between Defendant and his two co-defendants; and (4) there was no federal nexus for the robberies. On July 9, 2001, the Court denied the motion on the grounds that Defendant had waived his claims by failing to raise them at sentencing or on direct appeal. (Doc. #573). The Ninth Circuit affirmed the denial of the § 2255 motion on December 16, 2002. (Doc. #581).

On July 28, 2003, Defendant filed a motion for modification of sentence contending that his sentence improperly included an enhancement for conduct – tampering with a witness – which had been charged in Count 10 of the indictment but was subsequently dismissed. On December 11, 2003, the Court denied Defendant's motion.

On July 5, 2006, Defendant filed the instant motion for modification of sentence, which he titled Communicative Motion. In his motion, Defendant alleges that he was not aware of the dismissal of Count 10 of the indictment, or that the dismissal precluded the Court from enhancing Defendant's guideline calculation by two levels for obstruction of justice pursuant to U.S.S.G. § 3C1.1.

Notwithstanding the fact that the Court has overruled and denied Defendant's previously filed objection to the presentence report and a motion for modification of sentence – both asserting essentially the same claim as the current motion – the Court finds that

- 3 -

Defendant has waived the right to seek modification of his sentence in this instance. Defendant failed to file a direct appeal relating to this specific claim. A motion such as this is not a substitute for a direct appeal. See United States v. Frady, 456 U.S. 152, 165 (1992). A defendant who has failed to raise an issue on direct appeal must demonstrate that "cause" exists to excuse the lack of a direct appeal and that "actual prejudice" resulted from the alleged errors. See id. at 167. Otherwise, a defendant must prove a gross miscarriage of justice. See Murray v. Carrier, 477 U.S. 478, 495-96 (1986).

Based on his previous arguments and filings, Defendant's claim that he was not aware of the dismissal of Count 10 of the indictment, or that the dismissal precluded the Court from enhancing Defendant's guideline calculation is unpersuasive. Accordingly, Defendant cannot establish cause to excuse his default, and he has not established a miscarriage of justice.

Based on the foregoing,

**IT IS ORDERED** denying Defendant's motion for modification of sentence (Doc. #648).

DATED this 16th day of April, 2007.

_____
Roger G. Strand
Senior United States District Judge